**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **COMERICA BANK,** a Texas banking association, § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. **3:14-CV-1196-L** |
| § | |
| **COMMERICA COMMODITIES,** a Texas limited liability company, § § § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Commerica Commodities, LLC's Motion to Set Aside the Entry of Default, filed June 18, 2014. After careful consideration of the motion, brief, response, reply, record, and applicable law, the court **grants** Commerica Commodities, LLC's Motion to Set Aside the Entry of Default.

**I.   Procedural and Factual Background**

Comerica Bank ("Comerica" or "Plaintiff") filed this on April 3, 2014, against Commerica Commodities, LLC ("Defendant") for trademark infringement and other claims under the Lanham Act, trademark infringement and unfair competition under common law, as well as violations of the Anti-Cybersquatting Consumer Protection Act. Defendant's registered agent was served with a copy of Plaintiff's Original Complaint ("Complaint") and the summons by certified mail on April 7, 2014. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant was required to file an answer or otherwise respond within 21 days of service of the Complaint and summons. Therefore, Defendant was required to file an answer or otherwise respond to the Complaint by April 28, 2014.

On May 1, 2014, Comerica filed a request for entry of default, and the clerk entered a default the same day. Comerica mailed a copy of the request to enter default to Defendant's registered agent, who received it on May 5, 2014. Defendant filed an "Answer" on May 15, 2014. The "Answer" was filed by Mr. Matthew Megally, who is not an attorney. "[C]orporations, partnerships or associations" may not appear in federal court except "through a licensed attorney." *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). This rule "applies equally to all artificial entities." *Id.* Thus Mr. Megally's purported Answer is a nullity, which the court will address in the context of Comerica's Motion to Strike Megally's "Answer."

Defendant contends the default should be set aside because: (1) Defendant's failure to answer or respond was due to excusable neglect; (2) Comerica suffers no prejudice if the court sets aside the default; and (3) Defendant has a meritorious defense. Defendant offers the following explanations for its failure to answer or otherwise respond timely to Plaintiff's Complaint:

> On March 11, 2014, Comerica—through its attorneys at Bodman, PLC—filed a complaint with the World Intellectual Property Organization complaining about Defendant's registration of various domain names. Mr. Megally, Defendant's sole member, actively contested the WIPO Complaint and communicated with Comerica's attorneys throughout March and into April.
>
> On April 3, 2014, Comerica filed this action while pursuing its WIPO Complaint. Despite emailing Mr. Megally regularly about its WIPO Complaint, Comerica never told Mr. Megally about its similar lawsuit. Instead, it mailed the Summons and Complaint to Defendant's registered agent. This registered agent mailed the lawsuit to Defendant's address at an Executive Suite, which was then forwarded to Mr. Megally's personal residence.
>
> Unfortunately, Mr. Megally did not receive a copy of the lawsuit before leaving Houston on April 11 and the US for business on April 17, 2014. Nobody else lives at Mr. Megally['s] address to receive his mail. Additionally, while abroad, nobody checks Mr. Megally's mail at his Houston residence for him. Consequently, Mr. Megally did not discover the suit and default until he returned from abroad on May 7.

Commerica Commodities, LLC's Motion to Set Aside the Entry of Default 3-4 (footnotes omitted).

**II.     Discussion**

A court may set aside an entry of a default for good cause shown. Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (citing Fed. R. Civ. P. 55(c)). In determining whether good cause is present to set aside a default, a court considers "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is present." *Id.* at 292 (citation and quotation marks omitted). A court also considers whether the defaulting party "acted expeditiously" to cure the default. *Id.* (citation omitted). If the court determines that a default is willful—that is, intentional failure to answer or otherwise respond—such "[w]illful failure alone may constitute sufficient cause for the court to deny [the] motion [to set aside default]." *Matter of Dierschke*, 975 F.2d 181, 184-85 (5th Cir. 1992).

Default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d at 292 (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). The Fifth Circuit has adopted a policy in favor of resolving cases on the merits and against the use of default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts in extreme situations [and] are available only when the adversary process has been halted because of an essentially unresponsive party.") (internal quotations and citations omitted).

Comerica responds that Defendant's conduct arguably could support a denial of its motion to set aside default. Comerica, because of equitable concerns and the Fifth Circuit's desire to determine cases on their merits, withdraws its opposition to Defendant's motion to set aside

**Memorandum Opinion and Order – Page 3**

default. Comerica, however, requests the court to award it attorney's fees with respect to: (1) obtaining the entry of default; (2) drafting the motion to strike Defendant's "Answer"; (3) drafting and filing its motion for final judgment; and (4) responding to Defendant's motion to set aside default.

Defendant opposes any award of attorney's fees. Defendant states that Mr. Megally did not delay the proceedings and that Mr. Megally only learned about the lawsuit once he returned from overseas. The court disagrees with Defendant and believes that Defendant's conduct merits an award of attorney's fees to Comerica.

Defendant was properly served. That Mr. Megally did not learn about the suit until he returned from overseas is no fault of Comerica. When one travels overseas or is absent from his or her residence or place of business for an extended time, it is incumbent on that person to take steps to ensure that all important correspondence is promptly received or forwarded. Had Defendant timely answered or otherwise responded, the court would not be addressing these issues. Defendant put itself in its current position by not adhering to the Federal Rules of Civil Procedure. Had Defendant timely and properly followed these rules and applicable law, Comerica would not have incurred the attorney's fees for which it now seeks reimbursement. The attorney's fees that Plaintiff seeks were necessarily incurred because it followed rules that allow the type of relief it originally sought. In other words, Plaintiff would not be seeking attorney's fees but for Defendant's failure to answer or otherwise respond timely and properly. Under these circumstances, the court determines that Plaintiff is to be awarded attorney's fees for time reasonably and necessarily expended with respect to the four matters for which it seeks payment.

**III.    Miscellany**

Also before the court is Plaintiff Comerica Bank's Motion to Strike, filed May 22, 2014. Defendant's "Answer" was filed by Mr. Megally, who is not an attorney.  As he is not an attorney, and for the reasons previously stated, Mr. Megally cannot represent Defendant in federal court. The Answer purportedly filed by him is a nullity.  Accordingly, the court will grant this motion and strike the "Answer" filed by Defendant.  Defendant will be given until **February 23, 2015**, to file a proper answer or otherwise respond.  *If Defendant fails to file an answer or otherwise respond to the Complaint by this date, the court will enter a default against Defendant and instruct Plaintiff to file a motion for default judgment.*

**IV.    Conclusion**

For the reasons herein stated, the court **grants** Commerica Commodities, LLC's Motion to Set Aside the Entry of Default, and the entry of default is hereby **set aside**.  The court also **orders** Defendant to pay Comerica its reasonable attorney's fees incurred with respect to the four matters herein set forth.  Comerica must submit its request for reimbursement by **February 17, 2015**.  The attorney's fees must be paid by **March 13, 2015**, and if they are not paid by this date, the court will impose sanctions, which may include striking Defendant's pleadings and entering a default against it, unless the Defendant objects by **March 6, 2015**.  The court **grants** Plaintiff Comerica Bank's Motion to Strike [Doc. 15], and the court hereby **strikes** the "Answer" filed by Defendant. Further, the court **orders** Defendant to file an answer or otherwise respond to the Complaint by **February 23, 2015**.  Finally, as it has set aside the entry of default, the court **denies as moot** Plaintiff Comerica Bank's Motion for Entry of Final Judgment and Permanent Injunction by Default [Doc. 16].

**It is so ordered** this 11th day of February, 2015.

_____
Sam A. Lindsay
United States District Judge